BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000



**JUDGE HOLWELL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSLE MALTA LTD., <br><br> Plaintiff, <br><br> -against- <br><br> PUYVAST CHARTERING BV, <br><br> Defendant. | **07 CIV 6289** <br><br> 07 Civ. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, BSLE MALTA LTD., ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, PUYVAST CHARTERING BV, ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a Maltese company with a place of business at 57 St. Christopher Street, La Valetta, Malta.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of the Netherlands or another foreign nation with its offices at Rembrandtweg 18, 2202 AX Nordwijk, the Netherlands and no place of business in the United States.

## FIRST CAUSE OF ACTION FOR
## BREACH OF CHARTER OF M/V NASR

4.      By a charter party dated June 6, 2006 ("the NASR Charter"), Plaintiff chartered the M/V NASR ("the NASR") to Defendant.

5.      Under the NASR Charter, Defendant had the option to redeliver the NASR in the Mediterranean at the end of charter period. Defendant elected to do so.

6.      Relying on Defendant's election, Plaintiff contracted to deliver the NASR at Venice to another charterer upon completion of the NASR Charter with Defendant ("the Venice Charter").

7.      Thereafter, in breach of the NASR Charter, Defendant announced that the NASR would redeliver in Antwerp, not in the Mediterranean.

8.      Plaintiff performed the voyage to Antwerp under protest and reserved all rights.

9.      While the NASR was discharging cargo at Antwerp, the stevedores appointed by Defendant negligently operated discharging equipment causing damage to the NASR.

10.     Defendant's breach of the NASR Charter caused Plaintiff to incur the cost of sending a vessel in ballast from Baltimore to Venice in order to avoid breaching the Venice Charter.

11.     Defendant has not paid Plaintiff all amounts due under the NASR Charter. Moreover, Defendant owes Plaintiff damages for the additional time of some 25.25 days the NASR took to complete the voyage to Antwerp compared to a voyage which ended in the Mediterranean. Defendant also owes Plaintiff the costs Plaintiff incurred to bring another vessel to Venice to perform the Venice Charter. Finally, Defendant owes Plaintiff the cost of repairing the stevedore damage at Antwerp.

12. As a result of these various breaches of the NASR Charter, Defendant owes Plaintiff the following amounts:

| | |
|---|---|
| Unpaid hire | $49,153.53 |
| Stevedore Damage (14,124.90 Euros @ 1 Euro = $1.35919) | $19,185.50 |
| Hire Differential for 25.5 days @ $1650 per day | $41,662.50 |
| Ballast Vessel from Baltimore to Venice (14.85 days @ $9000 per day) | $133,650.00 |
| IFO fuel during ballast voyage (556.44 tons @ $320 per ton) | $178,060.80 |
| MDO fuel during ballast voyage (46.92 tons @ $575 per ton) | $26,979.00 |
| **Total** | $448,691.33 |

13. The NASR Charter provides for arbitration of disputes in Hamburg, Germany. Plaintiff has commenced arbitration and reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. §8.

14. Maritime Arbitrators in Hamburg award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates: recoverable interest will amount to at least $72,000 at a rate of 8% per year for at least 2 years; recoverable arbitral costs will be incurred in pursuing its claim against Defendant in the sum of at least $20,000; and recoverable legal expenses will be incurred in the sum of at least $25,000, amounting in all to recoverable interest and expenses of at least $117,000.

15. The total amount of Plaintiff's claims for the NASR Charter for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **$565,691.33**.

## SECOND CAUSE OF ACTION FOR BREACH OF CHARTER OF M/V BSLE PERFORMER

16. By a charter party dated on or about July 17, 2006 ("the PERFORMER Charter"), Plaintiff chartered the M/V BSLE PERFORMER ("the PERFORMER") to Defendant.

17. In breach of the PERFORMER Charter, Defendant failed to pay charter hire and other amounts due in the sum of $101,441.59, which remains unpaid, despite due demand.

18. The Charter provides for arbitration of disputes in Hamburg, Germany. Plaintiff has commenced arbitration and reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. §8.

19. Maritime Arbitrators in Hamburg award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates: recoverable interest will amount to at least $16,000 at a rate of 8% per year for at least 2 years; recoverable arbitral costs will be incurred in pursuing its claim against Defendant in the sum of at least $7,200; and recoverable legal expenses will be incurred in the sum of at least $10,000, amounting in all to recoverable interest and expenses of at least $33,200.

20. The total amount of Plaintiff's claims for the PERFORMER Charter for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **$134,641.59**.

\*   \*   \*

21. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action,

assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee, including electronic fund transfers to or from Defendant, in the district which are due and owing or otherwise the property of the Defendant up to the amount of **$700,332.92** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

     D.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
          July 9, 2007

                              Respectfully submitted,

                              BLANK ROME, LLP
                              Attorneys for Plaintiff

                              By _____
                                 LeRoy Lambert (LL-3519)
                              The Chrysler Building
                              405 Lexington Avenue
                              New York, NY 10174-0208
                              (212) 885-5000

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
LeRoy Lambert

Sworn to before me this
9th day of July, 2007

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires  Nov. 30, 2009

BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSLE MALTA LTD., <br><br> Plaintiff, <br><br> -against- <br><br> PUYVAST CHARTERING BV, <br><br> Defendant. | 07 Civ. <br><br> **AFFIDAVIT PURSUANT TO** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK   )
                    )  ss:
COUNTY OF NEW YORK  )

LEROY LAMBERT, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of defendant Puyvast Chartering BV ("Defendant"), a foreign corporation, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

2. Defendant is a party to the maritime contracts on which this claim is based, and is a foreign corporation or other business entity organized and existing under the laws of the Netherlands.

900200.00001/6558234v.1

3. Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
LeRoy Lambert

Sworn to before me this
9th day of July, 2007

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov-30, 2009